# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ERIC PHERNETTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:10-CV-487 JVB |
| ) | |
| CROWN POINT POLICE DEPARTMENT ) | |
| and MICHAEL PAGANO, Judge, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Eric Phernetton filed this case on December 10, 2010. Defendant Judge Michael Pagano filed a Motion to Dismiss on January 3, 2011, and Defendant Crown Point Police Department filed a motion to dismiss on February 10, 2011.

In his complaint, Phernetton alleged violation of the Americans with Disabilities Act ("ADA"), discrimination, perjury of a city attorney, "unneutrality" of a county judge, property damage, emotional stress, and illegal depositions. He claimed that the Crown Point Police Department harassed him when it pulled him over for having tinted windows and when an officer told him to "getta steppin" after a friend of the officer "pueked" on Phernetton's shirt. He also claimed that the Crown Point Police Department "left [him] to die, even after [he] called for help." Phernetton also alleged that Judge Pagano showed favoritism towards Mark Gruenhagen, the city's attorney. The claims about the alleged favoritism of Pagano appear to stem from a case in Lake County Superior Court which Judge Pagano presided over between Phernetton and the other defendants. The claims about perjury of a city attorney and illegal depositions appear to

stem from the actions of Mark Gruenhagen, who has already been dismissed as a defendant [DE 22].

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the case showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)). The only facts that Phernetton alleges in his complaint are that he was pulled over for having tinted windows, that a police officer told him to "getta steppin" after Phernetton's shirt was "pueked" on, and that the Crown Point Police left him to die. He alleges violation of the ADA, but provides no facts showing he is disabled. He also alleges discrimination, he does not present any facts showing him to be in a protected class, or any facts showing that he was treated differently than others. He also fails to provide facts regarding the property damage he alleges or the emotional stress he claims to have suffered. Because he pleads no facts that show he is entitled to relief, the Court strikes Plaintiff's complaint against Crown Point Police Department, but Plaintiff will be given leave to amend his complaint as to this entity.

However, the Court grants Judge Pagano's Motion to Dismiss. The doctrine of judicial immunity gives judges complete immunity for acts in their judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660-661 (7th Cir. 2005). Because Judge Pagano's alleged favoritism and "unneutrality" occurred while he was performing his judicial duties, the case against him is dismissed.

The Court grants Defendant Judge Pagano's Motion to Dismiss [DE 5]. The Court strikes

Plaintiff's complaint as to Crown Point Police Department. Mindful of Plaintiff's pro se status, the Court grants him leave until March 18, 2011, to amend his complaint to state a claim against Defendant Crown Point Police Department, but not against Judge Pagano because of his judicial immunity. Plaintiff is cautioned that if he fails to timely amend his complaint, his case will be dismissed without further notice. Likewise, Plaintiff is cautioned that he will not be given another chance to amend his complaint if he fails to meet the pleading standards and if Defendant Crown Point Police Department moves for dismissal of the case.

The Clerk is directed to term Crown Point Police Department's Motion to Dismiss [DE 25].

SO ORDERED on March 1, 2011.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge